Rowan *v.* Warner.

JOHN R. ROWAN *v.* J. C. WARNER *et al.*

WILL. *Construed.* The will of John Ramsey bequeaths all his real estate to his wife, and provides that "at her death it is my wish and desire that my real estate be divided equally between my son, John C., and daughter, Martha S. The heirs of my deceased daughter, Mary Jane, being hereafter provided for in this instrument. After settling all claims for and against the estate, the balance, together with my personal property, I leave to the judgment of my son, John C., and Martha S., believing they will do what is just and right by each other, and their deceased sister's children." Out of the personal property certain special bequests are made, including one to his grand-daughter, Susan C. Rowan. The will further provides "After deducting what I gave to my deceased daughter, Mary Jane, during her life, and paying what my estate is responsible for, it is my wish and desire that my executor pay to my deceased daughter's children, after they become of age, the balance, should there be any balance, that may be coming to them as the heirs of their mother's part of my estate. In the event of the marriage of my daughter, Martha S., before the death of her mother, it is my wish that she be provided with a home, either by a division of the farm or by my son John C., paying to her the value of the half interest of said farm as they may agree upon." *Held,* that under said will the children of the deceased daughter took no interest in the real estate.

FROM MONROE.

Appeal from the Chancery Court at Madiosonville. W. M. BRADFORD, Ch.

PRICHARD & CHAMBERS for complainant.

P. B. MAYFIELD and McCROSKEY & HICKS for defendants.

TURNEY, J., delivered the opinion of the court.

The will of John Ramsey is: "First, I do will,

bequeath and devise to my beloved wife, Susannah Ramsey, all of my real estate during her life, and at her death it is my wish, and desire that my real estate be divided equally between my son, John Eagleton Ramsey and Martha Susannah Ramsey. The heirs of my deceased daughter, Mary Jane Rowan, being hereafter provided for in this instrument. After settling all claims for and against the estate, the balance together with my personal property, I leave to the judgment of my son, John Eagleton Ramsey and Martha Susannah Ramsey, believing that they will do what is just and right by each other and their deceased sister's children; it is my wish and desire that out of the personal property now on hand, that my daughter, Martha ·Susannah Ramsey, have one bay roan filley named Lucy, and that my daughter-in-law, Martha Ellen Ramsey, have one bay roan filley named Sallie, and that my little grand-daughter, Susannah Elizabeth Rowan, have one sorrel roan named Metta, together with a cow, bridle and saddle, clothing and schooling. After deducting what I gave to my deceased daughter, Mary Jane, during her life, and paying what my estate is responsible for, it is my wish and desire that my executor pay to my deceased daughter's children when they become of age the balance, should there be any balance that may be coming to them as the heirs of their mother's part of my estate. In the event of the marriage of my daughter, Susannah Ramsey, before the death of her mother, it is my wish that she be provided with a home, either by a division of the farm or by my son, John Eagleton Ramsey,

paying to her the value of the half interest of said farm as they may agree upon."

The question is, do the children of the deceased daughter, Mrs. Rowan, take any interest (under the will), in the real estate? We think not. The first and last clauses of the will seem to conclusively settle the question against their claim. By the first the devise is in the positive language: "That my real estate be divided equally between my son, John Eagleton Ramsey and Martha Susannah Ramsey, the heirs of my deceased daughter, Mary Jane Rowan, being hereafter provided for in this instrument."

By the last clause a home is to be provided for Susannah Ramsey by a division of the farm or by the son paying to her the value *of the half interest.* If there was a doubt of the intention of the testator as expressed in the first clause, there can be none, as we think, when the two clauses are construed together Requiring the son to lay off to the sister the one-half of the farm or to pay her the value of the one-half thereof makes it clear that the testator meant what the language of the first clause imports, that the real estate should be equally divided between them. The language of the first clause, "after settling all claims for and against the estate, the balance, together with personal property I leave," etc., was, we think, intended to embrace monies due or to be due to the testator, and that such monies when collected, should be first applied to the payment of debts owing by the testator and if there be a balance after the discharge of indebtedness, that balance was to be dis-

tributed as other personalty. The term "with my personal property," was used as applicable alone to such personal property as the testator might have on hand at his death as contradistinguished from claims due the testator and collected after his death. It was not used in its strictly legal signification of embracing all the personal assets of the testator. The language as a whole has reference alone to such effects as are first liable to the payment of debts, and divides them into the two classes of claims due the estate to be collected and of personal property on hand.

Leaving such property to the judgment of the son and daughter is an absolute bequest for the benfit of the children of the deceased daughter, and confers no discretion upon the son and living daughter. We do not think the record shows the testator to have been responsible for any debt for which the children of the deceased daughter should account under the directions of the will.

The defendants will pay all costs that have accrued up to the present time. If complainants desire the cause will be remanded for an account upon the principles indicated in this opinion.

The decree of the chancellor and report of the Referees will be modified to conform to this opinion, and in other respects affirmed.